16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James E.G. CORRY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7047.
 United States Court of Appeals, Federal Circuit.
 Dec. 3, 1993.
 
 Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 James E.G. Corry appeals from the September 18, 1992, judgment of the United States Court of Veterans Appeals (CVA), which affirmed the August 30, 1990, decision of the Board of Veterans' Appeals (BVA or Board) disallowing Corry's claim of service connection for a neuropsychiatric disability. For the reasons set forth below, we affirm.
 
 
 2
 * Corry served on active duty in the United States Marine Corps from September 15, 1980, to August 27, 1982, when he was honorably discharged. Corry submitted a claim for disability compensation based on a nervous condition on July 23, 1986. The Los Angeles Regional Office (RO) of the Veterans Administration denied Corry's claim on April 10, 1987, and notified him of his appeal rights. Under 5 U.S.C. Sec. 4005(b)(1) (1982) (redesignated at 38 U.S.C. Sec. 7105(b)(1) (Supp. IV 1992)),[1] Corry had one year from the date of the RO's decision to file a Notice of Disagreement (NOD) and initiate appellate proceedings to contest the disallowance. Corry, however, did not file a NOD within the specified one-year period. Consequently, the RO decision disallowing his claim became final under 5 U.S.C. Sec. 7105(c).
 
 
 3
 On November 21, 1988, Corry filled out another claim form at the RO seeking to "appeal" the April 10, 1987, disallowance on the grounds that his disorder had been misdiagnosed. On December 1, 1988, the RO wrote Corry: "You had a year to appeal our denial of [service-connection] for nervous condition.... In order to reopen claim, you must submit new and material medical evidence showing that [your] disability was incurred [in] or aggravated by your military service." See 38 U.S.C. Sec. 5108 (Supp. IV 1992) ("If new and material evidence is presented ... the Secretary shall reopen the [disallowed] claim and review the former disposition...."). Corry responded on December 12, 1988, reiterating that he disagreed with the April 10, 1987, RO decision disallowing his claim and adding: "I was unable to respond to your initial denial due to the nature of my condition." In a rating decision dated January 9, 1989, the RO refused to review the initial RO decision because he had not timely appealed and declined to reopen the claim for want of "new and material evidence."
 
 
 4
 In February 1989, Corry again wrote to the agency stating that he had been misdiagnosed and requesting assistance in substantiating his claim. In an April 19, 1989, letter to the adjudicative officer, a Dr. Melo stated that Corry's "condition appears to have deteriorated while in the service and this deterioration led to his poor mental condition and subsequent hospitalization on May 10, 1982." On May 19, 1989, the RO declined to reopen Corry's claim. Corry then timely filed a NOD on August 1, 1989, to initiate the review process, which included a hearing at the RO on December 26, 1989. The hearing officer reviewing the matter denied Corry's claim on January 24, 1990, and Corry perfected his appeal to the Board.
 
 II
 
 5
 The Board began the discussion section of its opinion by addressing the question of the RO's April 1987 decision disallowing Corry's initial claim, stating:
 
 
 6
 The veteran was notified of that determination and of his appellate rights, but failed to file a timely appeal. Therefore, the issue for present appellate status is whether or not the evidence received since the April 1987 rating action provides a new factual basis which demonstrates that a neuropsychiatric disorder is of service origin or aggravation.
 
 
 7
 In the Appeal of James E.G. Corry, No. 90-02 840, slip op. at 3-4 (Bd.Vet.App. Aug. 30, 1990).
 
 
 8
 Despite its framing of the issue, the Board did not proceed to determine specifically whether the post-1987 evidence Corry had procured was "new and material." Rather, the Board said simply that "on the basis of the entire evidentiary record, including [the pre-1987 evidence,] the opinion that the veteran's mental condition worsened during the service is not sustainable. After reviewing the record, including the veteran's testimony" during the second proceeding, "it is determined that the evidence received since the April 1987 decision does not demonstrate that the veteran's current neuropsychiatric condition ... is of either service origin or that it worsened therein." Id. at 4 (emphasis added). Corry then appealed to the CVA. The CVA noted that the Board had reviewed Corry's entire record without first expressly making a "new and material" determination. Corry v. Derwinski, 3 Vet.App. 231, 233 (1992). Under the CVA decision in Manio v. Derwinski, 1 Vet.App. 140 (1991), the Board first must make a determination as to whether the evidence the veteran has procured since the prior disallowance is "new and material" and, if so, must then reopen the claim and evaluate its merits "in light of all the evidence, both old and new." Id. at 145 (emphasis in original).
 
 
 9
 The CVA, over the dissent of one judge, held that by conducting a review of the entire record in accordance with the second part of the Manio test, the Board had rendered harmless any error it arguably committed in not first making an explicit "new and material" determination. Corry v. Derwinski, 3 Vet.App. at 234. The CVA noted that upon review of Corry's entire record, the BVA made a factual determination that Corry's claimed disorder was not incurred in or aggravated during service. Upon its own full review of the entire record, the CVA concluded that the BVA's decision was not clearly erroneous.
 
 
 10
 The CVA then proceeded to reject, separately, Corry's argument that the Board also should have conducted a direct review of the 1987 RO disallowance because his hand-written statement on the DVA claim form--that "the nature of [his] condition" prevented him from timely appealing--adequately raised a claim for a "good cause" waiver of the NOD filing deadline under 38 C.F.R. Sec. 3.109(b) (1993). Id. at 7. The CVA noted the discretionary nature of the "good cause" provision and held, moreover, that Corry's statement was "insufficient, as a matter of law, to satisfy the regulatory requirement that 'good cause must be shown as to why the required action could not have been taken' " on time. Id. (quoting 38 C.F.R. Sec. 3.109(b)).
 
 
 11
 The dissenting judge faulted the CVA for, among other things, not requiring the BVA to determine whether Corry's condition excused him from the one-year time period in which to appeal the 1987 denial of his claim. The possible waiver of the time requirement had two implications for Corry. First, if Corry ultimately had prevailed on the merits of his claim, his benefits would have run from the date of his 1986 claim, not from the date of his attempt to reopen his claim in 1988. Second, if he had been excused from the time requirement for appealing the 1987 denial, he then would have been relieved of the burden of producing new and material evidence to reopen the initial claim.
 
 III
 
 12
 The standard governing our review of appeals from the Court of Veterans Appeals is set out at 38 U.S.C. Sec. 7292(d)(1). It provides that this court "shall decide all relevant questions of law" and "hold unlawful and set aside any regulation or any interpretation thereof ... relied upon in the decision of the Court of Veterans Appeals" found to be:
 
 
 13
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 14
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 15
 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of statutory right; or
 
 
 16
 (D) without observance of procedure required by law.
 
 
 17
 Congress thus has limited the reach of our reviewing authority in appeals from agency decisions already passed on by the Court of Veterans Appeals to pure questions of law and mixed questions that necessarily require some interpretation of law. For questions that do not require the interpretation of a regulation or statute, Congress has precluded our review except "to the extent that an appeal under ... chapter presents a constitutional issue." Id. Sec. 7292(d)(2).
 
 
 18
 The only issue Corry appeals to this court is whether his mental condition excused him from the one-year time limit for seeking direct review of the 1987 RO decision disallowing his initial claim. Corry contends that the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the enforcement of a statutory time limitation against a claimant whose mental disability prevented him from exercising his appeal rights within the prescribed period. Corry further maintains that the doctrine of equitable tolling should be invoked to excuse his failure to have timely appealed the denial of his claim in 1987. Corry thus raises issues of statutory construction and constitutional right, which satisfy our jurisdictional mandates under 38 U.S.C. Sec. 7292(d)(1)-(2).
 
 IV
 
 19
 The issue Corry appeals is, however, resolved by the procedural history of this case. As the government correctly notes, the relief Corry could obtain is an order compelling full review of his 1986 claim. Such a review has been undertaken by the BVA and its decision has been affirmed by the CVA. Since the claim when reviewed included all the record evidence included in the 1986 claim plus all subsequent evidence of record, failure to review the 1986 claim per se is harmless. The possible harm to Corry from the failure of the Board to consider whether the time for appeal of the 1986 claim should have been waived cannot occur. Because the whole record does not support his claim, the date upon which his benefits might have begun is irrelevant. Having received review of the whole of his record, Corry was not burdened with the need to show new and material evidence.
 
 
 20
 In short, Corry has already had the full hearing that would result were he to prevail in this court. Corry's constitutional rights to due process of law have been satisfied.
 
 
 21
 The decision of the CVA is affirmed.
 
 
 
 [1]
 Further citation to relevant statutory sections will be to the current designation